UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SEBASTIAN RUCCI, et al.,** | ) | CASE NO. 4:11CV873 |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | **JUDGE SARA LIOI** |
| vs. | ) | |
| | ) | |
| **MAHONING COUNTY, et al.,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **& ORDER** |
| DEFENDANTS. | ) | |
| | ) | |

This matter is before the Court upon the motion of defendant Mahoning County ("defendant" or the "County") for sanctions pursuant to Fed. R. Civ. P. 11 against plaintiff Sebastian Rucci ("plaintiff" or "Mr. Rucci"). (Doc. 7.) In support of its motion, the County complains that Mr. Rucci, while acting as a party and counsel, has filed a frivolous complaint in disregard of clearly established claim preclusion principles for the sole purpose of tainting the jury pool in his state criminal case. The motion is fully briefed and ripe for decision. For the reasons that follow, the motion is **DENIED** without prejudice.

I.  BACKGROUND

In April 2010, a Mahoning County Grand Jury indicted plaintiffs Sebastian Rucci, 5455 Clarkins Drive, Inc., GoGo Girls Cabaret, Inc., and Triple-G Investments, Inc. and others on charges of racketeering, money laundering, perjury, and promoting prostitution in connection with the operation of an adult cabaret in Austintown Township, Mahoning County, Ohio. *State of Ohio v. Sebastian Rucci, et al.*, Case No. 2010CR364 (Mahoning Cnty. Ct. Com. Pl.). On May 2, 2011, plaintiffs filed this civil rights action seeking damages for unreasonable search, unlawful seizure of property, first amendment retaliation, and abuse of process. Plaintiff Rucci is both a

1

party to this action and attorney for the plaintiffs. The Complaint alleges that defendants Austintown Township (the "Township") and Mahoning County have sought to drive the cabaret out of business by forbidding the cabaret's lawful advertising, denying the cabaret a liquor license, engaging in police harassment of the cabaret's employees and patrons, unlawfully searching, seizing and closing the cabaret. (Doc. 1.) The Complaint contends that defendants took these actions in retaliation for plaintiffs' political opposition of county prosecutor Paul Gains.

The present lawsuit represents the second time that plaintiffs have sought judicial review in this Court of the circumstances surrounding the alleged harassment of the cabaret. *See 5455 Clarkins Drive v. Terry Poole*, Case No. 1:09CV1841 (the "First Action"). Plaintiffs filed the First Action on August 6, 2009, and the Court administratively closed the case on abstention grounds on April 9, 2010. (Case No. 1:09CV1841, Doc. 60.) On May 5, 2011, the County moved to dismiss the present suit on claim preclusion grounds, asserting that the instant action relies on the same facts and makes the same claims as plaintiffs previously and unsuccessfully asserted against the County in the First Action. (Doc. 6.) That same day, the County also filed the instant motion seeking sanctions under Rule 11 against plaintiff Rucci on the same grounds and alleging that the instant suit is frivolous and that plaintiff Rucci's motive for filing this suit is to taint the jury pool for plaintiffs' upcoming state criminal trial.

## II. DISCUSSION

Federal Rule of Civil Procedure 11 provides, in relevant part, that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause

>> unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> **[…]**

Fed. R. Civ. P. 11(b)(1)-(3). Rule 11 further provides that if, after notice and a reasonable opportunity to respond, the district court finds that an attorney or a party violated these requirements, the court may impose monetary or nonmonetary sanctions. Fed. R. Civ. P. 11(c).

A motion for Rule 11 sanctions must be served under Rule 5 but "must not be filed or be presented to the court if the challenged ... claim ... is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). The Sixth Circuit has made clear that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court." *Uszak v. Yellow Transp., Inc.*, 343 F. App'x 102, 107 (6th Cir. 2009) (quoting *Ridder v. City of Springfield,* 109 F.3d 288, 297 (6th Cir. 1997)).

In this case, the County filed its motion for Rule 11 sanctions a mere three days after the alleged frivolous pleading was filed. "Irrespective of whether [plaintiff] engaged in sanctionable conduct by including arguably frivolous claims in the complaint, Rule 11 sanctions remain[] unavailable due to defendant's failure to comply with the safe harbor provision, with which [the Sixth Circuit] require[s] "strict adherence." " *Id.* at 108 (reversing district court's Rule 11 sanctions award where court "never addressed this procedural failing). While, perhaps, ultimately, the County may be entitled to the sanctions it now seeks, failure of the County to

3

comply with the safe harbor provision's time constraints compels this Court to deny defendant's motion without prejudice.

### III. CONCLUSION

For the reasons set forth above, Mahoning County's motion for Rule 11 sanctions (Doc. 7) is **DENIED** without prejudice.

**IT IS SO ORDERED**.

Dated: August 15, 2011

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**