# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **SEBASTIAN RUCCI, et al.,** | ) | **CASE NO. 4:11CV873** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **JUDGE SARA LIOI** |
| vs. | ) | |
| | ) | |
| **MAHONING COUNTY, et al.,** | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Defendants. | ) | |
| | ) | |

Before the Court is a motion to amend the complaint (Doc. 16) filed by plaintiffs Sebastian Rucci ("Rucci"), 5455 Clarkins Drive, Inc. ("Clarkins"), GoGo Girls Cabaret, Inc. (the "Cabaret"), and Triple-G Investments, Inc. ("Triple-G") (collectively as "plaintiffs"). Defendants Mahoning County (the "County") and Austintown Township (the "Township") have opposed the motion (Docs. 19, 20) and plaintiffs have filed a reply brief (Doc. 22).

Additionally, on September 13, 2011, the County filed a motion for sanctions against plaintiffs' attorney Sebastian Rucci. (Doc. 24.) Plaintiffs filed a brief in opposition to the County's motion 38 days later on October 21, 2011. (Doc. 25.) The County moved to strike plaintiffs' response as untimely, or in the alternative to file a reply in further support of its motion for sanctions. (Doc. 26.) Plaintiffs responded to the motion to strike (Doc. 26) by filing a motion for leave (Doc. 27) to file, *instanter*, their response to the motion for sanctions (Doc. 24). Plaintiffs also filed a response (Doc. 28) to the County's motion to strike (Doc. 26).

For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** the County's motion to strike. (Doc. 26.) The Court **DENIES** the County's motion to strike plaintiffs' response and **GRANTS** the County's motion for leave to file a reply to plaintiffs'

response. (Doc. 26.) Additionally, the Court **GRANTS** plaintiffs' motion for leave to file (Doc. 27), *instanter*, their response to the motion for sanctions. As to the remaining motions, the Court has determined that it will **ABSTAIN** pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), and will **STAY** this case until the state criminal proceedings against plaintiffs have been completed. Accordingly, the Court will offer no opinion as to the merits of any of the parties' allegations, claims or defenses at this time.

I.      **BACKGROUND**

The instant action alleges that the defendants have harassed and retaliated against plaintiffs in connection with their operation of an "adult cabaret," known as the GoGo Girls Cabaret, in Austintown Township, Mahoning County, Ohio. The Cabaret began operating in Austintown Township in 2007. Plaintiffs assert that as the Cabaret's popularity grew, a rival adult entertainment business, Club 76, began to exert political influence over defendants to have the cabaret closed. To this end, defendants are alleged to have denied plaintiffs' request for advertising permits, despite granting similar permits to Club 76. Further, the Township is alleged to have arbitrarily denied the Cabaret's liquor license. According to the complaint, the harassment did not end there.

Plaintiffs claim that defendants orchestrated a campaign to buy drugs inside the Cabaret so that they could seek its closure under state nuisance law. According to plaintiffs, the campaign was "bought and paid for" by their competitors. On May 1, 2009, authorities conducted a raid and *ex parte* closure of the Cabaret, searching the entire premises, the patrons, and employees for drugs and seizing four computers, alleged to contain attorney-client privileged information. Plaintiffs assert that defendants obtained the *ex parte* closure of the club based on false statements and further sought a search warrant based on the same false information and

2

illegal wiretaps and recordings. Plaintiffs claim to have video footage that shows that the sting operation was a pretext and assert that not a single drug related charge was ever brought against anyone as a result. Subsequent to the raid, nuisance proceedings were held in the state court, which resulted in an order reopening the Cabaret.

Following the reopening of the Cabaret, plaintiffs assert that defendants were still determined to see the Cabaret closed and focused on challenging the Cabaret's liquor license, which it needed to stay in business. On August 7, 2009, plaintiffs filed a civil rights action (the "First Action") in this Court seeking to enjoin the revocation of its liquor license. *5455 Clarkins Drive, Inc. v. Terry Poole*, No. 1:09-cv-1841 (N.D. Ohio). The Court granted plaintiffs' request for a temporary restraining order finding severe procedural deficiencies in the operation of the liquor permit review by the state. *5455 Clarkins Drive, Inc. v. Poole*, No. 1:09-CV-01841, 2009 WL 2567761 (N.D. Ohio Aug. 17, 2009), *aff'd*, 384 F. App'x. 458 (6th Cir. 2010). The Court later granted summary judgment to the County, *5455 Clarkins Drive, Inc. v. Poole*, No. 1:09-CV-01841, 2009 WL 4281461 (N.D. Ohio Nov. 25, 2009), and elected to administratively close the case under grounds of abstention for the claims pending against the Township and others. *5455 Clarkins Drive, Inc. v. Poole*, No. 1:09-CV-01841 (Doc. 60).

In April 2010, a Mahoning County Grand Jury indicted plaintiffs and others on 81 criminal charges, including racketeering, prostitution, and promoting prostitution. (Doc. 16-1 at 20, 22.) On April 16, 2010, the Mahoning County Court of Common Pleas arraigned plaintiff Rucci, and on April 27, 2010, the court arraigned the remainder of the plaintiffs. *State of Ohio v. Rucci, et al.*, No. 50 2010CR364 (Mahoning Cnty. Ct. C.P.). The criminal charges against plaintiffs remain pending before the Mahoning County Court of Common Pleas in case number 50-2010-CR-00364, and trial is scheduled to begin on November 14, 2011.

On May 2, 2011, plaintiffs filed the instant suit. (Doc. 1.) The complaint seeks damages pursuant to 42 U.S.C. § 1983 for violations of plaintiffs' civil rights, as follows: Count I for unreasonable search in violation of the Fourth and Fourteenth Amendments; Count II for unlawful seizure of the Cabaret without due process of law in violation of plaintiffs' First, Fourth, Fifth and Fourteenth Amendment rights; and Count III for an official policy and custom of retaliation in violation the First Amendment. Plaintiffs also assert a state law claim in Count IV for damages for abuse of process.

On May 5, 2011, the Mahoning County defendants filed a motion to dismiss the Complaint (Doc. 6) pursuant to Fed. R. Civ. P. 12(b)(6), asserting that this action is barred on *res judicata* grounds because the County was awarded summary judgment in the First Action. *5455 Clarkins Drive, Inc. v. Poole*, No. 1:09-CV-01841, 2009 WL 4281461 (N.D. Ohio Nov. 25, 2009). On June 7, 2011, the Austintown Township defendants filed their motion to dismiss the complaint (Doc. 14), arguing that the Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and that the complaint fails to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. and 12(b)(6). Specifically, the Township defendants argued that plaintiffs' claims are barred by *res judicata*, and that the Complaint contains insufficient allegations to support plaintiffs' abuse of process and unconstitutional policy claims. Alternatively, the Township defendants moved the Court to abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) due to the pending state criminal proceedings against plaintiffs.

In response to defendants' motions to dismiss, plaintiffs filed notices of intent to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). (Docs. 8, 15.) Plaintiffs, however, failed to timely file their amended complaint and moved for an extension of time in which to file. (Doc. 11.) On June 8, 2011, the Court denied plaintiffs' motion, but granted

plaintiffs leave to file a properly supported motion for leave to amend under Rule 15(a)(2).

On June 16, 2011, plaintiffs filed their motion to amend, attaching a copy of the proposed amended complaint. (Doc. 16.)[1] Defendants opposed the motion. (Docs. 19, 20.) Additionally, the County filed a motion for sanctions against plaintiff Rucci, asserting that the filing of this action is an attempt by Mr. Rucci to derail the criminal prosecution of plaintiffs in the state court. (Doc. 24.)[2] Plaintiffs filed an opposition (Doc. 25) to the County's motion for sanctions, which the County moved to strike (Doc. 26) as untimely. In the alternative, the County requests leave to file a reply brief in further support of its motion. (Doc. 26.) In response to the motion to strike, plaintiffs moved, *instanter*, for leave to file its response the County's motion for sanctions. (Doc. 27.)

## I. LAW AND ANALYSIS

### A. The County's Motion to Strike and Plaintiffs' Motion for Leave

Plaintiffs' opposition (Doc. 25) to the County's motion for sanctions (Doc. 24) was filed 38 days after the motion was served via electronic delivery. The County moved to strike (Doc. 26) plaintiffs' response to its motion, or in the alternative to file a reply in further support of its motion for sanctions. The County incorporated its proposed reply brief into its motion to strike. (Doc. 26.)

Plaintiffs subsequently filed a motion for leave to file their response, *instanter*, admitting that the response (Doc. 25) was untimely filed, but asserting that plaintiffs' counsel, Sebastian Rucci, who is a solo practitioner, was otherwise occupied addressing other motions in

---

[1] The proposed amendment raises claims against several County prosecutors and a police officer in their official and personal capacities stemming from their alleged involvement in the harassment and retaliation of plaintiffs. The amendment includes a request for declaratory relief, damages for violation of plaintiffs' civil rights and federal and state wiretap laws, and asserts that defendants' alleged conduct violates the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).

[2] The County previously filed its motion for sanctions on May 5, 2011 (Doc. 7), which the Court denied on procedural grounds on August 15, 2011 (Doc. 23).

plaintiffs' state criminal case and in a federal false arrest class action also before this Court. Additionally, plaintiffs filed a reply (Doc. 28) to the motion to strike, which apologizes to the Court for the filing of plaintiffs' opposition to sanctions "one-week" late and offers up arguments in response to the County's proposed reply.

Pursuant to Local Rule 7.1 (d), an opposition memorandum must be served and filed within thirty (30) days after service of a dispositive motion and within fourteen (14) days after service of any non-dispositive motion. The Sixth Circuit has held that a motion for sanctions pursuant to Fed. R. Civ. P. 11, such as the County's motion (Doc. 24) here, is a dispositive motion. *Bennett v. Gen. Caster Serv. Of N. Gordon Co., Inc.*, 976 F.2d 995, 998 (6th Cir 1992). Accordingly, plaintiffs had thirty (30) days in which to file an opposition brief to the County's motion for sanctions. Plaintiffs, however, did not file their opposition brief until 38 days later. The issue then becomes whether plaintiffs' lateness in filing is excusable under the circumstances.

Rule 6(b) of the Federal Rules of Civil Procedure provides that when a party moves the court to accept a filing after the relevant deadline, the court may "for good cause, extend the time […] if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The Court balances four factors when determining whether to permit a late filing: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the reasonable control of the moving party, and (4) whether the late-filing party acted in good faith. *United States v. Munoz*, 605 F.3d 359, 368 n. 5 (6th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The *Pioneer* factors 'do not carry equal weight; the excuse given for the late filing must have the greatest import. While [the

6

others] might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry.' " *Id.* (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)) (alteration in *Munoz*) (citations omitted). The burden of showing that a failure to act was the result of excusable neglect is to be borne by plaintiffs. *See D.B. v. Lafon*, No. 3:06-CV-75, 2007 WL 896135, at *2 (E.D. Tenn. Mar. 22, 2007).

The first and second factors in the balancing test favor plaintiffs here. Plaintiffs' delay of eight (8) days in filing their opposition to the County's motion for sanctions was short. Moreover, the County has not asserted prejudice as a result of the delay. Nor can the Court conclude that any prejudice will result from acceptance of the late filing. The Court has yet to set a trial schedule in this case and, as outlined below, will stay this matter pending the completion of the state criminal proceedings; therefore, the impact of permitting the late filing on the instant judicial proceedings will be minimal.

As to the third factor, the sole reason asserted by plaintiffs in support of their failure to timely file an opposition brief to the motion for sanctions was the busy schedule of their attorney. "Courts have generally found this to be insufficient to establish excusable neglect." *Sanchez-Orozco v. Livonia Police Dept.*, Nos. 2:08-cv-14297, 2:08-cv-14299, 2010 WL 2287433, at *3 (E.D. Mich. June 4, 2010) (citations omitted); *see also Wilkerson v. Jones*, 211 F. Supp. 2d 856, 859 (E.D. Mich. 2002) ("A lawyer's busy workload is entitled to very little weight under Rule [6(b) ]"). Further, plaintiffs' failure to meet the time limits imposed by the Local Rules was entirely within their control. Consequently, the third factor favors the County.

Finally as to the fourth factor, although the County contends that Mr. Rucci has acted in bad faith, there is no indication, despite their control over the delay, that plaintiffs and their attorney have acted in bad faith in filing their late response. Thus, on balance, the *Pioneer*

7

factors weigh in favor of plaintiffs.

While plaintiffs have failed to satisfy the third, most critical, *Pioneeer* factor by providing a legally insufficient reason for their delay in filing a response brief to the County's motion, because the Court concludes that this delay was not in bad faith, will not prejudice the defendants, and will have a minimal impact on these proceedings, the Court **DENIES** the County's motion to strike (Doc. 26) plaintiffs' response, **GRANTS** the County's motion to file a reply (Doc. 26) in further support of its motion for sanctions, and **GRANTS** plaintiffs motion (Doc. 27) for leave to file, *instanter*, their response to the motion for sanctions. Accordingly, the Court will permit plaintiffs' opposition brief to remain docketed as filed (Doc. 25). Further, the Court accepts the County's reply brief as incorporated into its motion to strike (Doc. 26). No further arguments on this issue shall be considered without leave of the Court, including the sur-reply arguments in opposition to the County's reply incorporated into plaintiffs' response (Doc. 28) to the County's motion to strike.[3]

### B.  The Requirements for Younger Abstention are Satisfied

In *Younger v. Harris*, the Supreme Court held that, whenever a plaintiff seeks to enjoin a state court proceeding, a federal court must decline to interfere with pending state criminal proceedings unless extraordinary circumstances are present. 401 U.S. at 44-45. Indeed, the Supreme Court has indicated, "abstention may be raised by the court *sua sponte*." *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10 (1976); *see also, Louisiana Power & Light v. City of Thibodaux*, 360 U.S. 25 (1959).

---

[3] Local Rule 7.1(e) does not provide for the filing of a sur-reply. Additionally, "[t]he primary purpose for allowing the moving party to serve and file a reply memorandum in support of a motion is so it can respond to any new issues raised by the memorandum in opposition. Consideration of [plaintiffs'] surreply [arguments] would frustrate the purpose of allowing the [defendant]-movant[] to be the first and last to be heard on their pending" motion for sanctions (Doc. 24).  *Dobbins v. Nat'l Ass'n of Sec. Dealers*, No. 5:06CV2968, 2007 WL 2407081, at *1 (N.D. Ohio August 27, 2007) (citing Local Rule 7.1(e)).

While *Younger* itself addressed only requests for injunctive relief, its rationale has been extended by the Sixth Circuit to circumstances like those presented here, where § 1983 claims for damages are brought while a plaintiff's state-court criminal proceedings are still ongoing. *Ha v. Weber*, No. 1:07CV1788, 2007 WL 3146246, at *2 (N.D. Ohio Oct. 25, 2007) (citing *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074-75 (6th Cir. 1998) (holding *Younger* abstention proper in federal action for damages under § 1983 and the Fair Housing Act); *Schilling v. White*, 58 F.3d 1081, 1084 (6th Cir. 1995) ("our Circuit has recognized that the relevant inquiry when considering abstaining under *Younger* is the nature and degree of the state's interest in judicial proceedings, rather than whether a party is seeking injunctive relief or monetary damages.")). *See also, Brindley v. McCullen*, 61 F.3d 507, 509 n. 2 (6th Cir. 1995) ("[W]hen disposition of a federal action for damages necessarily requires the resolution of issues that will determine the outcome of pending state criminal proceedings, *Younger* requires that the federal action not proceed.") (quoting *Feaster v. Miksch*, 846 F.2d 21, 24 (6th Cir. 1988)).

"*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll*, 139 F.3d at 1074 (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). All three prongs supporting *Younger* abstention are present in this case.

First, "when determining whether state court proceedings involving the plaintiffs are pending," the Court must "look to see if the state court proceeding was pending at the time the federal complaint was filed." *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (citation omitted). "It remains pending until a litigant has exhausted his state appellate remedies. *Id.* (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975); *Foster v. Kassulke*, 898 F.2d 1144,

9

1146 (6th Cir. 1990)). In this case, at the time the complaint was filed, plaintiffs' criminal case had been pending for over a year. What is more, the matter remains pending and is scheduled for trial on November 14, 2011. *State of Ohio v. Rucci, et al.*, No. 50 2010CR364 (Mahoning Cnty. Ct. C.P.).

Under the second prong of *Younger*, the Court must determine whether the state proceeding implicates an important state interest. *Loch*, 337 F.3d at 579. The Sixth Circuit has held that "punishing conduct proscribed by statute satisfie[s] the important interest prong under *Younger*. *Weber*, 2007 WL 3146246, at * 2 (citing *Miskowski v. Peppler*, 36 F. App'x 556, 557 (6th Cir. 2002)). *See also, Leveye v. Metro. Pub. Defender's Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45) (holding state criminal proceedings traditionally implicate an important state interest). What is more, "the state has an important interest in exposing and prohibiting promotions of prostitution [and] illegal obscene live performances [...]." *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000) (internal quotation marks and citation omitted). Because plaintiffs were indicted pursuant to criminal statutes, including those prohibiting prostitution and the promotion of prostitution, the second *Younger* requirement is satisfied by the pending state prosecution.

Finally, under the third *Younger* prong, the Court must determine whether plaintiffs have an adequate opportunity to raise all of their constitutional claims in the state court proceeding. *Gonnella v. Johnson*, 115 F. App'x 770, 772 (6th Cir. 2004) (finding third prong satisfied where plaintiff raised constitutional and statutory challenges to prosecution in state criminal court). "Where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.' " *Watts v. Burkhart*, 854 F.2d 839, 845 (6th Cir. 1988) (quoting *Middlesex*, 457 U.S. at 432 (internal quotation omitted)). The

10

Court "must presume that the state courts are able to protect the interests of federal plaintiff[s]." *Weber*, 2007 WL 3146246, at * 2 (quoting *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995)). In this case, there is no indication that plaintiffs cannot raise their constitutional claims in the course of the state criminal proceedings. As evidenced by the state court record, plaintiffs have had multiple opportunities to raise their constitutional defenses in the ongoing criminal proceedings. Plaintiffs do not contend that the state courts are inadequate or that state law bars the interposition of their constitutional claims. Accordingly, the third requirement of *Younger* is satisfied here.

Because the Court concludes that all of the requirements of *Younger* are met in this case, abstention is appropriate. Moreover, the Court concludes that its decision to abstain in this case is in keeping with recent decisions of the district courts within this circuit. *See, Weber*, 2007 WL 3146246, at *2 (staying federal action for damages for an alleged illegal search and seizure on *Younger* abstention grounds while plaintiff pursued appeal of his criminal conviction); *Michel v. City of Akron*, No. 5:06CV2798, 2007 WL 1362503 (N.D. Ohio May 7, 2007) (granting defendants' motion to abstain during pendency of state criminal proceedings where plaintiff filed civil suit prior to his indictment on charges of conducting an illegal gambling operation, claiming that search and seizure of his business violated his federal constitutional rights, § 1983, and state law); *Holden v. Cnty. of Saginaw*, No. 04-CV-10250-BC, 2005 WL 1028003 (E.D. Mich. Feb. 25, 2005) (abstaining pursuant to *Younger* during ongoing state criminal proceedings where plaintiff's federal suit sought damages and injunctive relief stemming from defendants' alleged harassment and discrimination of plaintiff and an alleged conspiracy to violate plaintiff's civil rights by entering his home without a warrant or probable cause and seized religious items) (adopted by *Holden v. Cnty. of Saginaw*, No. 04-10250-BC,

2005 WL 927508 (E.D. Mich. April 19, 2005).

### C.  None of the Exceptions to Younger Abstention Are Present

Having found that the requirements of *Younger* abstention are met, the Court must also examine whether any of the exceptions to *Younger* apply. The Supreme Court has outlined three exceptions to the *Younger* abstention doctrine in which:

> (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979) (quoting *Huffman*, 420 U.S. at 611, 95 S. Ct. 1200); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975).

*Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003). The exceptions to *Younger* have generally been interpreted narrowly by the Supreme Court and the Sixth Circuit. *Id.* (citing *Zalman v. Armstrong,* 802 F.2d 199, 205 (6th Cir. 1986)).

None of the exceptions are present in this case. "First, the bad faith prosecution exception is not available where the pending claims could be presented in state proceedings and there is no allegation of impermissible bias on the part of the state judiciary." *Cmty. Treatment Ctrs., Inc. v. City of Westland*, 970 F. Supp. 1197, 1225 (E.D. Mich. 1997) (citing *Moore v. Sims*, 442 U.S. 415, 432 (1979)).

> In *Tindall v. Wayne County Friend of the Court,* the Sixth Circuit held that, "Although the Supreme Court has recognized that bad-faith prosecution of an individual may serve as a proper exception to the *Younger* abstention doctrine [...] we have found no Supreme Court case that has ever authorized federal intervention under this exception. Such cases thus are exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court."

*Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 973 (S.D. Ohio 2010).[4] Here, plaintiffs have alleged "retaliatory targeting and prosecutorial harassment" by defendants, including improper behavior by county prosecutors, enforcement of unconstitutional regulations labeling exotic dancing as "sexual activity," illegal wiretaps and video surveillance, and the seizure of privileged computer files. (*See generally*, Doc. 17.) Plaintiffs, however, have not fully availed themselves of the state court processes before seeking relief in this Court. Indeed, as reflected by the state court records, plaintiffs have filed motions to dismiss and to suppress evidence, which are still pending, before the state trial court. Further, there is no allegation of a biased state judiciary.[5] In the absence of any evidence of bias, the state courts can hear all of plaintiffs'

---

[4] The court in *Kalniz* discussed two examples of when courts have found bad faith, including a case in which city police officers in Texas engaged in repeated searches and seizures they knew to be illegal and beyond their authority, and an Ohio case in which county prosecutors filed twelve separate suits aimed at harassing the plaintiffs and draining their financial resources. 699 F. Supp. 2d at 973-74 (citing *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82 (5th Cir. 1992); *Video Store, Inc. v. Holcomb*, 729 F. Supp. 579, 580 (S.D. Ohio 1990)). The Court finds that the circumstances in this case do not rise to the level of egregiousness found in these cases – plaintiffs have not alleged repeated illegal searches and seizures, nor have they alleged multiplicitous filings by defendants in the state courts.

[5] In fact, in a related state criminal action the state judiciary ruled favorably on arguments similar to those asserted by plaintiffs in this action. In a state criminal case against several of the Cabaret's dancers filed concurrently with the criminal prosecution of plaintiffs, the dancers successfully moved for the suppression of video evidence and the dismissal of prostitution charges levied against them. In that case, Judge David A. D'Apolito of Mahoning County Area Court in Austintown Township found that:

> The Go Go Cabaret is duly licensed cabaret operating under a permit granted by the township of Austintown, Ohio. The permit allows for the operation of an "adult cabaret" as defined in the Township's adult regulations as permitting "live entertainment of an erotic nature" by "exotic touching" and "activities between male and female persons and or persons of the same sex when one or more of the persons is semi-nude[.]" [I]t seems apparent that the act of lap dancing is contemplated by the township as a potential form of entertainment at a cabaret when issuing these permit(s). The court finds it difficult to believe that the Township would knowingly grant permits allowing illegal sexual activity to occur in a cabaret. Therefore, the court finds that dancers performing lap dances at a cabaret are not engaging in sexual activity as defined in Ohio Revised Code Section 2907.01. In addition, the fact that the dancers are compensated does not give rise to a charge of prostitution as defined Ohio Revised Code Section 2907.25. With the spirit of the statutes in mind, the court finds as a general rule a lap dance of and by itself is not prostitution as intended by the legislature. Moreover, these performances are in fact contemplated by the Township when these permit(s) are issued. As a result, the court finds that the motion to suppress and or motion to dismiss are well taken. Wherefore it is ordered, adjudged and decreed that the motion to suppress and dismiss are hereby granted […].

*State of Ohio v. Smith, et al.*, Nos. 50-2010-CR-B-390-AUS; 50-2010-CR-B-391-AUS; 50-2010-CR-B-388-AUS;

13

constitutional claims, thus, the Court concludes that the bad faith exception is not present.

The second exception regarding patently unconstitutional laws is only available if there is a statute at issue, which is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53-54 (quotation marks and citation omitted). In this case, the face of the complaint does not challenge the constitutionality of any state law. Moreover, the Court has found that there is no facially conclusive claim of preemption contained in the complaint. Accordingly, the Court concludes that the second exception is not met.

The final exception, "an extraordinarily pressing need for immediate equitable relief," applies when the Court concludes that the state proceedings are inadequate because there is no available state forum for the plaintiffs' constitutional claims, *Gerstein v. Pugh,* 420 U.S. 103, 107-08 (1975), or the state judicial or administrative officers have a conflict of interest or are biased. *Gibson v. Berryhill,* 411 U.S. 564, 576-78 (1973). As outlined above, the state proceedings afford plaintiffs the opportunity to raise all of their constitutional claims and there is no showing or allegation that the state judiciary is biased.

Having concluded that *Younger* abstention applies and none of the exceptions to the doctrine preclude abstention in this case, the Court elects to stay this action. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) (holding that when a plaintiff seeks damages pursuant to § 1983 and *Younger* abstention is warranted, the district court should stay, not dismiss, the complaint). A stay, as opposed to dismissal, is appropriate when, as is the case here, plaintiffs seek monetary relief and such claims for damages cannot be addressed in the state court. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). Here, the plaintiffs may assert

50-2010-CR-B-389-AUS (Mahoning Cnty. Area Ct. Sept. 2, 2011).

constitutional defenses in the criminal proceedings but may not seek monetary damages for the alleged constitutional violations. Accordingly, the Court **STAYS** this matter until the ongoing state criminal proceedings have terminated. In doing so, it is important to note that this Court has not spoken to, nor offered any opinion on, the merits of any of plaintiffs' allegations, claims or defenses.

## II.       CONCLUSION

For all of the foregoing reasons, the Court **DENIES** the County's motion to strike (Doc. 26) plaintiffs' response (Doc. 25) to its motion for sanctions (Doc. 24); the Court **GRANTS** the County's motion to file a reply (Doc. 26) in further support of its motion for sanctions and accepts the same as incorporated therein; and the Court **GRANTS** plaintiffs motion (Doc. 27) for leave to file, *instanter*, their response to the motion for sanctions. No further arguments on the issue of sanctions shall be considered without leave of the Court, including the sur-reply arguments in opposition to the County's reply incorporated into plaintiffs' response (Doc. 28) to the County's motion to strike.

Finally, as outlined above, the Court will **ABSTAIN** pursuant to *Younger* and hereby **STAYS** this action until the completion of the criminal proceedings against plaintiffs in the state court. Accordingly, the parties are directed to inform the Court immediately when the state proceedings have ended. Until that time, this case shall be stayed and administratively closed subject to reopening upon written motion by any of the parties at the close of the state criminal proceedings.

**IT IS SO ORDERED**.

Dated: October 26, 2011                                   _____
                                                         **HONORABLE SARA LIOI**
                                                         **UNITED STATES DISTRICT JUDGE**

15